FOSS v. BROWN.

1. APPEAL AND ERROR—QUESTION CONSIDERED—REFUSAL OF NON-SUIT.
    Where permission to take a voluntary nonsuit was denied plaintiff and a verdict for defendant directed, and plaintiff on writ of error asks no other relief than reversal of the judgment and a new trial, the court will consider the case as one pending and determine the question whether the trial court was in error in directing a verdict.

2. BREACH OF MARRIAGE PROMISE—EVIDENCE—SUFFICIENCY.
    Where plaintiff in an action for breach of promise to marry confesses to the establishment of immoral relations with defendant, but it cannot be said as a matter of law that her testimony does not tend to prove the mutual promises relied upon, made when she was legally competent to contract, the case should be submitted to the jury.

3. SAME—CONTRACT—COMPETENCY—PARTIES—MERETRICIOUS RELATIONS.
    It cannot be said as a matter of law that persons otherwise competent may not contract marriage while sustaining immoral relations with each other.

Error to Wayne; Donovan, J.   Submitted January 22, 1908.   (Docket No. 122.)   Decided January 31, 1908.

Assumpsit by Florence Foss against David A. Brown for breach of promise to marry.   There was judgment for defendant on a verdict directed by the court, and plaintiff brings error.   Reversed.

*Edward S. Grece* ( *Thomas P. Penniman,* of counsel), for appellant.

*E. T. Berger,* for appellee.

OSTRANDER, J.   The action is for damages for breach of contract to marry.   Plaintiff was a witness and the only witness called in her behalf.   Her examination having been concluded, her counsel stated that there was further evidence "to show the fact of defendant's frequent calls upon the plaintiff during the years as testified by her, and the court stated that could be as well shown on rebuttal, and plaintiff having rested her case," counsel for defendant asked for a directed verdict in his favor.   Decision was reserved and defendant was sworn as a witness in his own behalf.   Whether his cross-examination was concluded is not clear.   Court adjourned for the day and the next morning a verdict was directed for the defendant. A motion was made to vacate the verdict for the reason ( and the record seems to supply the necessary facts ) that counsel for plaintiff, before the verdict was directed, had not only announced the purpose to discontinue the case but had actually filed a præcipe in that behalf.   This motion having been overruled and a judgment for defendant entered, plaintiff brings the case here on writ of error. In the brief it is said that two assignments of error, the first and the last, are relied upon.   These are—

(1) "The court erred in charging the jury to render a verdict for the defendant."

(2) "The court erred in overruling the plaintiff's motion to vacate and set aside the verdict rendered by the jury,

in favor of the defendant, by the order of the court for reasons set up in said motion."

It is further stated in the brief that the questions are:

"(*a*) Was there evidence introduced by the plaintiff which she had the right in a court of justice to have submitted to the jury? and (*b*) Was it not the province of the jury to decide from all the facts whether there was an agreement to marry between the plaintiff and defendant?"

The action of the court in refusing to recognize the right of plaintiff to discontinue her suit is not discussed or referred to. This court is asked to reverse the judgment and to grant a new trial and for no other relief. In consequence of the positions so taken by counsel for the appellant, the brief of counsel for appellee is silent upon the subject of the effect of the voluntary discontinuance. When discontinuance was proposed, the court said to counsel, "You will not discontinue the case," and peremptorily refused counsel for plaintiff permission to be heard. Under the circumstances, we may assume that the right to discontinue, regularly, was denied. The matter, then, stands in this way: Plaintiff's case was, so far as it was possible to do so, discontinued, notwithstanding which a verdict and judgment for defendant were entered by order of the court. To treat the case as withdrawn from the attention of the trial court except, perhaps, for the purpose of taxing costs, involves a refusal to treat it as a pending case, judgment in which may be reversed and a new trial granted. On the other hand, it may be said, and it is claimed by counsel, that, the right to discontinue having been denied, the court may consider whether the trial court was in error in directing a verdict. We are of opinion that we should, in view of all the circumstances, consider the case as one pending and determine the question presented. It would profit no one to set out the testimony. We are required to give to plaintiff's testimony the construction most favorable to herself. It is lacking in definite statements, in precision, as to dates and circumstances. She confesses to having es-

tablished relations with defendant (he denies this) as early as the winter of 1899–1900, which were immoral and illegal and which continued until some time in 1904. But it cannot be said, as matter of law, that her testimony does not tend to prove the mutual promises relied upon, made when she was legally competent to contract, or that persons occupying the relations described by her may not contract marriage with each other. We feel constrained to say that the case should have been sent to the jury.

The judgment is reversed, and a new trial granted.

GRANT, C. J., and MONTGOMERY, HOOKER, and CARPENTER, JJ., concurred.